## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY KURT ANTHONY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO.** |
| | : | |
| **JASON NOTHSTEIN,** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## <u>COMPLAINT</u>

1.    Plaintiff, Gregory Kurt Anthony, is an adult individual residing at 318 Williams Avenue, Walnutport, Northampton County, Pennsylvania.

2.    Defendant, Jason Nothstein, is an adult individual and Police Officer with the Walnutport Borough Police Department with offices at 417 Lincoln Avenue, Walnutport, Pennsylvania.

## <u>JURISDICTION</u>

3.    At all times described in the Complaint, Defendant was acting under color of the State Law of Pennsylvania, and in the course and scope of his employment as a police officer for the Borough of Walnutport.

4.    This Honorable Court has federal question jurisdiction, pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.  The Plaintiff seeks monetary damages as well as attorney fees and costs pursuant to 42 U.S.C. §1988.

## COUNT ONE:  Illegal Arrest

5.     On May 24, 2004, Plaintiff was walking home from the VFW, in the area on Main Street at the intersection with Carbon Street in Walnutport, Pennsylvania.

6.     Acting on what he perceived to be a gesture from the Plaintiff beckoning him, the Defendant approached where the Plaintiff was standing in the Defendant's marked police vehicle.

7.     Upon approaching the Plaintiff, the Defendant did not exit his vehicle and the Plaintiff informed the Defendant that he was walking home.

8.     The Plaintiff and the Defendant engaged in friendly conversation for a short period of time.

9.     A short period of time later, the Plaintiff asked the Defendant if he was free to leave.

10.     Defendant informed the Plaintiff that he was free to leave.

11.     Thereafter, the Defendant detected an odor of alcoholic beverage on Plaintiff's person.

12.     Defendant exited his marked police vehicle and directed that the Plaintiff return to the police vehicle for further questioning, although he had not committed any crime.

13.     Plaintiff acting on the Defendant's admission that he was free to leave did not respond to Defendant's request for further questioning.

14.     Defendant grabbed Plaintiff by Plaintiff's shirt and threw him to the ground and placed him under arrest.

15.     Defendant had no probable cause to believe that Plaintiff committed any wrongdoing, rendering the arrest illegal.

16.     Plaintiff was formally charged with public drunkenness and disorderly conduct arising out of this incident.

17.     After a trial on June 28, 2004, District Justice William F. Zaun found the Plaintiff not guilty of the charges.

18.     As a result of the illegal arrest, Plaintiff suffered damages in that he was embarrassed, humiliated, made to seem like a criminal, deferred from going about his freely chose activities, and was inconvenienced, for which damages are claimed.

WHEREFORE, Plaintiff demands that a monetary judgment be entered in his favor, together with interest, costs of suit and reasonable attorney fees.

## COUNT TWO:  Excessive Force

19.     The allegations of Paragraphs 1 through 18 inclusive are incorporated herein as if set forth at length.

20.     After Defendant grabbed Plaintiff by the shirt and threw him to the ground, placing him under arrest, Defendant placed one of Plaintiff's wrists in a handcuff.

21.     While Plaintiff was on the ground with one wrist in handcuffs, Defendant used his knee to pin Plaintiff on the ground with the weight of Defendant's body on Plaintiff and Plaintiff's back.

22.     Defendant jammed his thumb in a pressure point behind Plaintiff's ear, jammed his index finger on a pressure point underneath Plaintiff's nose, and bent Plaintiff's thumb and pinkie backwards.

23.     As a direct and proximate result of the incident, Plaintiff suffered bruises and cuts on his knees, elbows, back, and face.

24.     As a direct and proximate result of the incident, Plaintiff was transported from the police station to the hospital.

25.     As a direct and proximate result of the incident, Plaintiff suffered pain and suffering, medical bills both past and future, restrictions on his activities, and mental and emotional trauma, for which damages are claimed.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Defendant in an amount to be determined, together with legal interest, costs of suit, and reasonable attorney fees.

ORLOSKI LAW FIRM


_____

Richard J. Orloski (RJO2737)
Attorney for Plaintiff
Attorney ID No.:  09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363